USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1336 ANNA CARROLL, ET AL., Plaintiffs - Appellees, v. BLUE CROSS/BLUE SHIELD OF MASSACHUSETTS, Defendant - Appellant. ____________________ ERRATA SHEET The opinion of this court issued on September 2, 1994, not for publication, is amended as follows: The cover sheet should read: "Lisa M. Fleming, with whom ________________ Laura Panos, was on brief for appellant." The names of the other ___________ attorneys listed on brief for appellant should be deleted. [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1336 ANNA CARROLL, ET AL., Plaintiffs - Appellees, v. BLUE CROSS/BLUE SHIELD OF MASSACHUSETTS, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ___________________ ____________________ Before Selya and Cyr, Circuit Judges, ______________ and Zobel,* District Judge. ______________ _____________________ Lisa M. Fleming, with whom Laura Panos were on brief for _______________ ___________ appellant. Stephen M. Perry, with whom Thomas J. Walsh, Robert M. _________________ _________________ __________ Mendillo and Casner & Edwards were on brief for appellees. ________ ________________ ____________________ September 2, 1994 ____________________ ____________________ * Of the District of Massachusetts, sitting by designation. Per Curiam. Appellant Blue Cross Blue Shield of ___________ Massachusetts, Inc. (the "Company") in 1991 had promulgated an Organizational Change Policy (the "Policy") pursuant to which employees were to receive severance benefits when their positions were eliminated under defined circumstances. In 1992, the Company entered into an information systems and services outsourcing agreement with Electronic Data Services, Inc. ("EDS"). Pursuant to that agreement appellees who had performed information services work as Company employees became employed by EDS. They claimed severance benefits under the Policy above. We agree with the district court's determination that the Company's Policy excluded only internal transfers from its ________ severance benefit provisions. Appellant concedes that the "transfers" at issue were not internal transfers. The Policy's unambiguous language provided for severance benefits to employees terminated from their positions at the Company, even if those same employees obtained immediate employment elsewhere. Accordingly, appellees are entitled to the benefits for which they sued; there was no need for the court to consider extrinsic evidence to ascertain the parties' intent. Appellant's reliance on our recent decision in Allen v. _____ Adage, Inc., 967 F.2d 695 (1st Cir. 1992), is misplaced. Allen ___________ _____ held that in the absence of ambiguity, the language of the plan determines employee eligibility for benefits. See id. at 701; ___ ___ Bellino v. Schlumberger Technologies, 944 F.2d 26, 29-30 (1st _______ __________________________ Cir. 1991). It did not hold that outsourcing agreements such as - 2 - the one at bar shall never entitle employees to severance benefits. See Allen, 967 F.2d at 700-01; Bellino, 944 F.2d at ___ _____ _______ 30. The Company's remaining arguments concern the district court's measure of damages. The Policy itself defined the proper measure of damages, thus such payments are not punitive and neither offset nor integration is required. Had appellant intended severance payments to be offset by money or benefits its former employees earned elsewhere, it need merely have said as much in the Policy. Affirmed. ________ - 3 -